United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mark Benson, and others, <br> Plaintiffs, <br><br> v. <br><br> Carnival Corporation, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 23-23408-Civ-Scola <br> ) <br> ) <br> ) |

### Order on Motion to Dismiss

      This case involves allegations that the Defendant Carnival Corporation and its agents were negligent during a cruise ship excursion on a Caribbean island. During the excursion, the Plaintiffs sat in a parked, driverless bus that began rolling until it hit a bush. Carnival has moved to dismiss the second amended complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.) The Plaintiffs have responded (ECF No. 28), and the Defendant has filed a reply (ECF No. 29). The Court has reviewed the briefing, the record, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Court **grants in part and denies in part** the Defendant's motion to dismiss. (**ECF No. 26**.)

### 1. Background

      The following are the relevant facts as alleged in the complaint, which the Court must accept as true at the motion to dismiss stage. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). On April 24, 2023, the Plaintiffs embarked on an excursion to an island called Half-Moon Cay from the Carnival cruise ship that they were traveling on. (Second Am. Compl. ("SAC"), ECF No. 23 ¶¶ 10-11.) Upon arriving to the island, the Plaintiffs boarded a bus, which then "began to move without a driver present, and after several minutes, they crashed." (*Id.* ¶ 12.) The Plaintiffs "were jolted forward (and all around)" and emergency responders from the cruise ship arrived about 30 minutes later. (*Id.* ¶ 13.) The bus "did not have its breaks [sic] engaged (or in the alternative, if the breaks [sic] were engaged, the breaks [sic] were inadequate, either because they had gone an unreasonable amount of time without being changed, or for another reason)." (*Id.* ¶ 14.) Carnival did not provide a warning to the Plaintiffs regarding the bus beginning to move without a driver present. (*Id.*)

      The Plaintiffs' second amended complaint alleges three claims against Carnival: negligent failure to remedy; negligent failure to warn of dangerous condition; and a vicarious liability claim for the actions of Carnival's agents.

Carnival has now moved to dismiss the second amended complaint. (ECF No. 26.)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage*, 516 F.3d at 1284. A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 3. Analysis

Carnival moves to dismiss the first two counts of the second amended complaint on two principal grounds: first, that the Plaintiffs' allegations are impermissibly conclusory and speculative, and second, that the Plaintiffs have

failed to sufficiently allege that Carnival was on notice regarding the allegedly dangerous condition. (Mot. to Dismiss, ECF No. 26 at 3-7.) Third, Carnival argues that count three—the vicarious liability claim—must be dismissed because it is duplicative of the Plaintiffs' direct liability allegations in counts 1 and 2. (*Id.* at 7-8.) The Court agrees that the first two counts of the second amended complaint do not plausibly allege that Carnival or its employees were on notice that there was a problem with the excursion bus's brakes, therefore granting Carnival's motion to dismiss with respect to those two claims. However, the Court agrees with the Plaintiffs that count 3—the vicarious liability claim—survives the motion to dismiss.

### A. Counts 1 and 2: Direct liability

Counts 1 and 2 of the Plaintiffs' second amended complaint allege negligent failure to warn and failure to remedy against Carnival. (SAC ¶¶ 29-50.) "The elements of a negligence claim based on a shipowner's direct liability for its own negligence are well settled: a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (cleaned up) (quoting *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014)). "Under federal maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *Gayou v. Celebrity Cruises, Inc.*, No. 11–23359–Civ, 2012 WL 2049431, at *5 n.1 (S.D. Fla. June 5, 2012) (Scola, J.) (cleaned up); *see also Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392 (S.D. Fla. 2014) (Williams, J.).

"A plaintiff may adduce evidence of actual or constructive notice in a variety of ways. Substantially similar incidents may be used to establish constructive notice. A plaintiff may also present evidence that the risk-creating condition existed for a time period sufficient to invite corrective measures." *Darby v. Carnival Corp.*, No. 19-21219-CIV, 2021 WL 6424631, at *6 (S.D. Fla. Dec. 3, 2021) (Goodman, Mag. J.), *report and recommendation adopted*, No. 19-21219-CIV, 2022 WL 108597 (S.D. Fla. Jan. 11, 2022) (cleaned up).

The second amended complaint alleges that Carnival knew or should have known of the dangerous condition of the bus because 1) the bus driver's supervisor stated that the driver would be drug tested and "when a different crewmember who came up on a kart tried to pull the emergency brake up on the bus earlier approximately less than a minute after the incident, this

supervisor said to him "it's already too late for that," 2) Carnival crewmembers "were in the immediate vicinity of the bus, close enough to have arrived in less than a minute after the incident," and 3) Carnival had previously received reviews about the danger of the bus on the same excursion. (SAC ¶ 15.) The Plaintiffs also state summarily that "[t]hese hazardous conditions existed for a sufficient period of time before the incident that CARNIVAL knew or should have been aware of them." (*Id.* ¶ 19.) Carnival argues that these allegations are insufficient to establish notice because the only relevant allegations are conclusory and the only specific prior incident cited by the Plaintiffs is not substantially similar (or similar at all) to the instant incident. (Mot. to Dismiss at 5-7.)

The Court agrees with Carnival that these allegations do not establish that Carnival plausibly had notice of the defective brakes. *See Iqbal*, 556 U.S. at 678. The comments made after the incident had occurred regarding drug testing and the emergency brake do not appear to be at all relevant to whether or not Carnival's agents knew or should have known about a problem in time to establish a duty. Nor are there any *reasonable* inferences that can be made from those facts that might establish actual or constructive notice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The Court cannot conclude that Carnival's agents plausibly knew or should have known about a problem with the bus's brakes before or during the incident based on these post-hoc statements.

The second allegation gets the Plaintiffs a bit closer, but still is insufficiently specific to establish that Carnival's agents were close enough that they should have noticed and remedied the danger. The claims that employees were present in the "immediate vicinity" of the bus and close enough to arrive to the scene "in less than a minute" do not suffice. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022) ("But while Holland alleges facts that establish the *possibility* that Carnival had constructive notice of the hazardous substance on the staircase as to invite corrective measures, a claim only has facial *plausibility* when the plaintiff's allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (cleaned up)). Simply alleging that employees were in the bus's "immediate vicinity" is tantamount to a legal conclusion inserted to purportedly satisfy the Eleventh Circuit's standard in *Holland*, as the Plaintiffs insist in their response. (Resp., ECF No. 28 at 4-5.) And claiming that employees were close enough to arrive in less than a minute is too vague to establish that the employees could have or should have seen the bus while it rolled, just as the Eleventh Circuit concluded in *Holland* regarding allegations that crewmembers were present in shops surrounding the location where the plaintiff's injury occurred. *See Holland*, 50 F.4th at 1096; *Holland v. Carnival Corp.*, No. 20-

21789-CIV, 2021 WL 86877, at *3 (S.D. Fla. Jan. 11, 2021) (Scola, J.), *aff'd*, 50 F.4th 1088 (11th Cir. 2022) ("The totality of Plaintiff's allegations is that certain of the Defendant's employees *may have been* in a position to see that there was a liquid on the stairs in question and the stairs are in a high traffic area of the ship.") (emphasis added).

Third and finally, the online review offered by the Plaintiffs as evidence that Carnival was or should have been aware of the dangerous condition is not a substantially similar incident that would have provided notice. The Plaintiffs cite one review written on Carnival's website regarding a bus that "broke down" on an excursion, causing the guests to wait for 45 minutes. (SAC ¶ 15.) A bus breaking down on an excursion is not sufficiently similar to a bus moving without a driver present to put Carnival on notice that a dangerous condition may have existed. And furthermore, Carnival points out that the review—which is subject to judicial notice because it is incorporated into the second amended complaint, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)—is about a different tour on a different island than the one at issue here. *See, e.g.*, *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288 (11th Cir. 2015) (affirming district court's decision to not consider 22 prior incidents in part because none of them occurred where the plaintiff fell). This single review about a completely different issue on a different tour is insufficient to establish notice. The Plaintiffs have failed to plead notice, and the Court therefore grants Carnival's motion to dismiss with respect to counts 1 and 2.

### B. Count 3: Vicarious liability

In count 3, the Plaintiffs allege that the last staff member to use the excursion bus negligently failed to engage the brakes and that Carnival is vicariously liable for the negligence of that employee. (SAC ¶¶ 51-59.) Carnival argues that this claim should be dismissed because the facts underlying the claim are duplicative of those underlying counts 1 and 2, improperly comingling the claims and allowing the Plaintiffs to plead duplicate causes of action. (Mot. to Dismiss at 7-8.) The Plaintiffs respond that they are entitled to plead direct and vicarious liability in the alternative. (Resp. at 12-17.)

Vicarious liability requires a showing of negligence by an employee of the defendant. *Holland*, 50 F.4th at 1094. In claims for vicarious liability, "a shipowner's duty to a plaintiff is not relevant." *Id.* Rather, "the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of that employee acting within the scope of employment." *Id.* (cleaned up.) "A plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both. It may be true that, in some cases, it will easier for a passenger to proceed under a

theory of vicarious liability . . . [but] there will be just as many occasions where passengers are limited to a theory of direct liability." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021).

The Court declines to dismiss the vicarious liability claim. A plaintiff is entitled to plead these claims in the alternative, and upon the dismissal of claims 1 and 2, any concern about duplication is moot. The Court therefore denies Carnival's motion to dismiss with respect to count 3. Carnival does not attempt to argue that count 3's factual allegations fail to state a claim, and the Court does not elect to unilaterally evaluate their sufficiency. The Court therefore denies Carnival's motion to dismiss with respect to count 3 of the second amended complaint.

### 4. Conclusion

For the reasons stated above, the Court **grants in part and denies in part** the Defendant's motion to dismiss. (**ECF No. 26**.)

**Done and ordered** at Miami, Florida on March 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge