UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-23408-RNS

MARK BENSON, *et al.*,

    Plaintiffs,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS**

    In this maritime personal injury case, Plaintiffs filed a Motion to Strike Defendant's Affirmative Defense. (ECF No. 33). Defendant Carnival Corporation filed a Response. (ECF No. 35). A reply was not filed and the time to do so has passed. Plaintiffs' Motion is referred to the undersigned by the Honorable Robert N. Scola, Jr., United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for Report and Recommendation on any dispositive matters. (ECF No. 34). For the reasons discussed below, the undersigned respectfully recommends that the Motion to Strike be **GRANTED**.

I.    BACKGROUND

    Plaintiffs brought this negligence action against Defendant for an incident that occurred on Defendant's cruise excursion at Half-Moon Cay Island. (ECF No. 23 at ¶ 12). On or about April 24, 2023, Plaintiffs left the Carnival cruise ship they were travelling on for an excursion to Half-Moon Cay Island. Plaintiffs claim that when they got to the island, Plaintiffs boarded a bus without a driver present. Plaintiffs allege that while Plaintiffs were waiting for a driver, the bus began to

1

move and then crashed.  Plaintiffs allege they were "jolted forward (and all around)," and suffered injuries as a result.  Emergency crewmembers from the cruise ship responded approximately thirty minutes later.  Plaintiffs assert the bus was not equipped with seatbelts or other restraints and the brakes were not engaged while Plaintiffs were on the bus.  Plaintiffs allege that Defendant's staff members owed Plaintiffs a duty to use reasonable care for Plaintiffs' safety and that the staff members breached that duty by failing to engage the excursion bus brakes before Plaintiffs boarded the bus.  Plaintiffs assert this breach was the direct and proximate cause of Plaintiffs' injuries and Defendant is vicariously liable for the actions of its staff members on Half-Moon Cay Island.

Plaintiffs' Second Amended Complaint alleges three claims against Defendant: (1) negligent failure to remedy; (2) negligent failure to warn of dangerous conditions; and (3) vicarious liability.  Defendant asserted ten affirmative defenses to the complaint. (ECF No. 32).  Plaintiffs now move to strike Defendant's third affirmative defense.

## II.     STANDARD OF REVIEW

"An affirmative defense is a defense 'that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters.'" *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 691 (S.D. Fla. 2020) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013)).  The purpose of an affirmative defense is to "help frame the issues of a case" by giving "the opposing party notice of an issue so that the party is prepared to properly litigate the issue." *Losada v. Norwegian (Bah.) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013).  "Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

A district "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although a court has broad discretion when considering a motion to strike, striking a defense from a pleading is a drastic remedy generally disfavored by courts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) (citation omitted). Given this disfavor, courts are hesitant to strike an affirmative defense unless it "(1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirement of Rule 8 of the Federal Rules of Civil Procedure." *Id.*

The weight of authority in this District contemplates that "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*," as "[t]he straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019); *see also Birren*, 336 F.R.D. at 692; *Tsavaris*, 310 F.R.D. at 682.

### III.   DISCUSSION

Plaintiffs' Motion challenges Defendant's Third Affirmative Defense, which states: "Carnival alleges that it is entitled to a set-off for any and all monies paid on behalf of Plaintiffs towards their treatment and/or medical care as well as any monies received from collateral sources for the damages alleged in the Second Amended Complaint." (ECF No. 32). Plaintiffs argues that Defendant's third affirmative defense violates controlling authority, specifically, the Eleventh Circuit's holding in *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020). In *Higgs*, the Eleventh Circuit held that a court may not cap a plaintiff's recovery for medical damages at the amounts paid (as opposed to the amounts billed by the provider); rather, the jury may be

3

permitted to determine the reasonable value of medical services from all relevant evidence related to the medical expenses.

Defendant responds that its third affirmative defense is legally sufficient in light of *Higgs*. (ECF No. 35 at 2). Defendant argues that, though Defendant is not entitled to a dollar-for-dollar set off for amounts written off, it is entitled to have a jury determine the reasonable amount of Plaintiffs' medical damages and include the amounts billed and insurance amounts written off as relevant evidence. (*Id.*) (quoting *Bynum v. Carnival Corp.*, 23-CV-23760, 2024 WL 229545, at *4 (S.D. Fla. Jan. 22, 2024)). But that is not what Defendant's affirmative defense says.

A defendant's affirmative defense that states an entitlement to a set-off for any money paid to a plaintiff by third-party sources attempts to reduce the defendant's liability and circumvents the collateral source rule. *See Gulley v. Royal Caribbean Cruises, Ltd.*, No. 20-cv-25269, 2022 WL 2341015, at *5 (S.D. Fla. Feb. 11, 2022). As written, Defendant's affirmative defense is invalid as a matter of law. *Birren*, 336 F.R.D. at 696 (striking an affirmative defense asserting the defendant is entitled to a set off for any amounts paid to the plaintiff by third parties).

Defendant's reliance on *Bynum v. Carnival Corp.*, 23-CV-23760, 2024 WL 229545 (S.D. Fla. Jan. 22, 2024) is misplaced. The affirmative defense there asserted:

> Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages. *Alternatively, Plaintiff is not entitled to recover any portions of his damages that have been written off and/or waived by his health care providers*.

*Id.* at *4 (emphasis added). Judge Altman agreed that defendant's affirmative defense did not impermissibly seek to cap plaintiff's recovery in contravention of *Higgs* but rather accurately recited the standard that the appropriate measure of damages considers all relevant evidence. Judge Altman also granted defendant's request to strike from its affirmative defense the italicized

4

language quoted above: "Carnival requests leave to amend affirmative defense 4 to remove the last sentence but leaving the remaining portion that is valid under *Higgs*." Carnival's affirmative defense here consists only of the language that the Court in *Bynum* implicitly recognized was contrary to *Higgs*. Because the Third Affirmative Defense is invalid as a matter of law, it should be stricken.

## IV.   RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiffs' Motion to Strike (ECF No. 33) be **GRANTED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Robert N. Scola, Jr., United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) days** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 29th day of July, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE